**CHRISTENSEN JAMES & MARTIN, CHTD.**
Kevin B. Christensen, Esq. (175)
Wesley J. Smith, Esq. (11871)
7440 W. Sahara Avenue
Las Vegas, Nevada 89117
Telephone: (702) 255-1718
Facsimile: (702) 255-0871
kbc@cjmlv.com, wes@cjmlv.com
*Attorneys for Plaintiffs Board of Trustees
of the Glazing Health and Welfare Fund, et al.*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

\* \* \* \* \*

| | |
|---|---|
| BOARD OF TRUSTEES OF THE GLAZING HEALTH AND WELFARE FUND; BOARD OF TRUSTEES OF THE SOUTHERN NEVADA GLAZIERS AND FABRICATORS PENSION TRUST FUND; BOARD OF TRUSTEES OF THE PAINTERS, GLAZIERS AND FLOORCOVERERS JOINT APPRENTICESHIP AND JOURNEYMAN TRAINING TRUST; BOARD OF TRUSTEES OF THE PAINTERS, GLAZIERS AND FLOORCOVERERS SAFETY TRAINING TRUST FUND; BOARD OF TRUSTEES OF THE SOUTHERN NEVADA PAINTERS AND DECORATORS AND GLAZIERS LABOR-MANAGEMENT COOPERATION COMMITTEE TRUST; GLAZIERS INDUSTRY PROMOTION FUND; GLAZIERS ORGANIZING FUND; LOCAL 2001 POLITICAL ACTION FUND; GLAZIERS MARKET RECOVERY FUND; BOARD OF TRUSTEES OF THE INTERNATIONAL PAINTERS AND ALLIED TRADES INDUSTRY PENSION FUND; BOARD OF TRUSTEES OF THE FINISHING TRADES INSTITUTE; PAINTERS AND ALLIED TRADES LABOR-MANAGEMENT COOPERATION INITIATIVE; POLITICAL ACTION TOGETHER FUND, | CASE NO.: 2:17-cv-01638-JAD-NJK<br><br>**FIRST AMENDED COMPLAINT FOR BREACH OF CONTRACT & VIOLATION OF ERISA**<br><br><br><br>Date:  N/A<br>Time:  N/A |
| Plaintiffs, | |

vs.

Z-GLASS, INC., a Nevada corporation; ZETIAN SYSTEMS, INC., a Nevada corporation; ZETIAN SYSTEMS WEST, INC., a California corporation; WESTERN GLASS SYSTEMS, INC., a Nevada corporation; JOHN DOES I-XX, inclusive; and ROE ENTITIES I-XX, inclusive,

Defendants.

The Plaintiffs, the Board of Trustees of the Glazing Health and Welfare Fund, Board of Trustees of the Southern Nevada Glaziers and Fabricators Pension Trust Fund, Board of Trustees of the Painters, Glaziers and Floorcoverers Joint Apprenticeship and Journeyman Training Trust, Board of Trustees of the Painters, Glaziers and Floorcoverers Safety Training Trust Fund, Board of Trustees of the Southern Nevada Painters and Decorators and Glaziers Labor-Management Cooperation Committee Trust, the Glaziers Industry Promotion Fund, the Glaziers Organizing Fund, the Local 2001 Political Action Fund, the Glaziers Market Recovery Fund, Board of Trustees of the International Painters and Allied Trades Industry Pension Fund, Board of Trustees of the Finishing Trades Institute, the Painters and Allied Trades Labor-Management Cooperation Initiative, and the Political Action Together Fund (collectively the "Plaintiffs"), acting by and through their attorneys, Christensen James & Martin, Chtd., hereby complain, assert and allege as follows:

**JURISDICTION & VENUE**

1. This Court has jurisdiction of this case pursuant to Section 502(e)(1) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1132(e)(1), which grants the United States District Courts exclusive jurisdiction over

-2-

civil actions brought by a fiduciary pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), to redress violations or enforce the terms of ERISA or an employee benefit plan governed by ERISA. Such jurisdiction exists without respect to the amount in controversy or the citizenship of the parties, as provided in Section 502(f) of ERISA, 29 U.S.C. § 1132(f).

2. This Court has jurisdiction of this case pursuant to Section 301(a) of the Labor Management Relations Act of 1947, as amended ("LMRA"), 29 U.S.C. § 185(a), which grants the United States District Courts original jurisdiction over suits for violation of contracts between an employer and labor organization in an industry affecting commerce, without respect to the amount in controversy or the citizenship of the parties.

3. To the extent this Complaint sets forth any state law claims, this Court has supplemental jurisdiction over those claims pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this Court pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), and Section 301(a) of the LMRA, 29 U.S.C. § 185(a), in that this is the Judicial District in which the Plaintiffs are administered.

**PARTIES**

5. The Glazing Health and Welfare Fund, the Southern Nevada Glaziers and Fabricators Pension Trust Fund, the Painters, Glaziers and Floorcoverers Joint Apprenticeship and Journeyman Training Trust, the Painters, Glaziers and Floorcoverers Safety Training Trust Fund, the Southern Nevada Painters and Decorators and Glaziers Labor-Management Cooperation Committee Trust, the International Painters and Allied Trades Industry Pension Fund, and the Finishing Trades Institute (collectively the "Trust Funds") are each express trusts created pursuant to written declarations of trust ("Trust

Agreements"), consistent with § 302(c) of the LRMA [29 U.S.C. § 186(c)], existing to provide employee benefits to participants in under a "multiemployer plan," "employee benefit plan," "employee benefit pension plan," and/or "employee welfare benefit plan," as the case may be, within the meaning of ERISA, 29 U.S.C. §1002(37), (2) and (3).

6. The Board of Trustees and the individual Trustees of each of the Trust Funds is a "named fiduciary," "plan administrator" and "plan sponsor" and each is an individual "fiduciary," within the meaning of 29 U.S.C. §§1102(a), 1002(16), & (21), with respect to collection of contributions due to the Trust Funds and related matters.

7. The Painters and Allied Trades Labor Management Cooperation Initiative ("LMCI"), Political Action Together Fund ("PAT"), Local 2001 Political Action Fund ("PAC"), Glaziers Industry Promotion Fund ("GIP"), Glaziers Organizing Fund ("GOF"), and Glaziers Market Recovery Fund ("MRF") are each an unincorporated association or fund to which the Defendants named herein are required to make monetary contributions pursuant to the terms of the Labor Agreement, as described below.

8. Defendant Z-GLASS, INC. ("Z-Glass") is and/or was a Nevada corporation doing business as a contractor and employer in Nevada and California.

9. Defendant ZETIAN SYSTEMS, INC. ("Zetian") is and/or was a Nevada corporation doing business as a contractor and employer in Nevada and California.

10. Defendant ZETIAN SYSTEMS WEST, INC. ("Zetian West") is and/or was a California corporation doing business as a contractor and employer in Nevada and California.

11. Defendant WESTERN GLASS SYSTEMS, INC. ("Western") is and/or was a Nevada corporation doing business as a contractor and employer in Nevada and

CHRISTENSEN JAMES & MARTIN, CHTD.
7440 WEST SAHARA AVE., LAS VEGAS, NEVADA 89117
PH: (702) 255-1718 § FAX: (702) 255-0871

California.

12. Defendants Z-Glass, Zetian, Zetian West, and Western (collectively the "Defendants"), individually and jointly, are employers in an industry affecting commerce within the meaning of 29 U.S.C. §§ 152(2), (6) and (7), 1002(5), (11) and (12).

13. Defendants, individually and jointly, are the owner, co-owner, agent, partner, representative, employee and/or alter-ego of each other, or otherwise acting on behalf of each other, and in doing the things herein alleged, were acting within the course and scope of said ownership, agency, partnership or relation, with the permission and consent of each of them, and that each was working as a single entity, employer and business in fact.

14. Each of the Defendants are in some manner responsible for the actions, acts and omissions herein alleged and the damages caused to the Plaintiffs, and are therefore jointly and severally liable for the damages set forth herein.

15. The true names and capacities, whether partnership, individual, corporate, company, associate or otherwise of John Does I-X, inclusive, and Roe Corporations I-X, inclusive, are unknown to the Plaintiffs at this time and said Defendants are therefore sued by fictitious names. The Plaintiffs reserve the right to amend the Complaint to insert additional charging allegations, together with the true identities and capacities, when the same have been ascertained.

## GENERAL ALLEGATIONS

16. At all times material herein, the International Union of Painters and Allied Trades, District Council 15, Glaziers, Architectural Metal and Glassworkers' Local Union 2001 ("Union") has been a labor organization representing employees in the

construction industry in Southern Nevada. The Union is an employee organization or labor organization in an industry affecting commerce within the meaning of 29 U.S.C. §§ 152(5), (6) and (7), 1002(4), (11) and (12).

17. In 2008, Z-Glass and the Union entered into the Glazing Industry Master Labor Agreement July 1, 2007 – June 30, 2011 ("Labor Agreement"), whereby Z-Glass agreed to be bound by the terms and conditions of the Labor Agreement.

18. After the initial term, the Labor Agreement renews automatically from year to year unless properly terminated.

19. The Labor Agreement has not been terminated and remains in full force and effect.

20. By executing the Labor Agreement, Z-Glass agreed to be bound by the terms and provisions of the written Trust Agreements utilized to create the Trust Funds and other documents governing the Plaintiffs.

21. At all times material herein, Z-Glass was obligated by the terms of the Labor Agreement and Trust Agreements to submit written reports to the Plaintiffs on a timely basis showing the identities of employees performing work covered by the Labor Agreement, and the number of hours worked by or paid to these employees. Further, Z-Glass promised that it would pay fringe benefit contributions to the Plaintiffs on a monthly basis and at specified rates for each hour worked by or paid to its employees for performance of labor covered by the Labor Agreement. At all times material herein, Z-Glass was obligated to submit said monthly reports and pay said contributions to the Plaintiffs at their administrative offices on or before the twentieth (20th) day of the month following the month in which the labor was performed.

22. Contributions to the Trust Funds, LMCI, and GIP are required to be remitted by the employer in addition to wages, while contributions to the PAT, PAC, GOF, and MRF are required to be deducted from wages and remitted by the employer.

23. As a result of the report and contribution obligations imposed therein, the Plaintiffs are intended beneficiaries of the Labor Agreement.

24. Employer contributions are considered fund assets from the date they are due pursuant to the written terms of the Trust Agreements, whether or not they are actually paid, and must be held in trust by an employer until remitted to the Plaintiffs. Contributions that are deducted from wages are to be held in constructive trust by an employer. Both employer contributions and wage deductions are components of the employees' compensation and do not belong to the employer. Employers have a fiduciary duty to ensure that both employer contributions and wage deductions are properly and timely delivered to the Plaintiffs.

25. The Trust Agreements also provide that the Trust Funds may undertake reasonable inquiry, including audit, of an employer's records insofar as may be necessary or appropriate to verify an employer's compliance with its obligations to the Trusts under labor agreements and trust agreements. The United States Supreme Court has upheld a trust fund's right to audit the books of its contributing employers pursuant to the terms of the trust funds' written trust agreements. *Central States, Southeast & Southwest Areas Pension Fund v. Central Transport, Inc.*, 472 U.S. 559, 581 (1985). Further, the Ninth Circuit Court of Appeals has determined that even if an employer did not sign the trust agreement, it is still subject to the trust fund's audit rights. *Santa Monica Culinary Welfare Fund v. Miramar Hotel Corp.*, 920 F.2d 1491, 1493–94 (9th Cir. 1990).

26. Signatory employers are required to submit monthly remittance reports to the Plaintiffs whether or not any covered work was performed during the work month to be reported. Z-Glass has not submitted any remittance reports or payments to the Plaintiffs for any work performed on or after January 1, 2012. The complete lack of remittance reports gives the Plaintiffs the reasonable belief that Z-Glass is attempting to hide covered work or otherwise avoid its obligations under the Labor Agreement and Trust Agreements.

27. The Plaintiffs last audited Z-Glass for the period through December 31, 2011. In April 2017, the Plaintiffs determined that an audit for the period of January 1, 2012 through the present is necessary to test Z-Glass' compliance with the Labor Agreement and Trust Agreements. The Plaintiffs also determined that the Auditor should review records of related companies, such as Zetian, Zetian West, and Western, to ensure that the related entities are not being used to avoid the obligations of the Labor Agreement and Trust Agreements.

28. The Plaintiffs attempted to contact the Defendants to initiate the audit at their last-known addresses and telephone numbers. The Defendants failed to respond to the Plaintiffs' demand for an audit, making this lawsuit necessary to compel compliance.

29. Following the filing of the original Complaint in this matter, counsel for the Defendants contacted counsel for the Plaintiffs and the parties entered into the Stipulation and Order entered by the Court August 7, 2017 [ECF No. 6].

30. Defendant Western filed a Chapter 7 Bankruptcy Case in the United States Bankruptcy Court for the District of Nevada on February 3, 2017, *In re WesternGlass Systems Inc.*, Case No. 17-10502-led. Pursuant to 11 U.S.C. § 365, this case is stayed as

to Western, but not as to the remaining Defendants.

31.     For the purpose of completing the audit for the period of January 1, 2012 through August 31, 2017, Plaintiffs requested that Z-Glass, Zetian, and the additional entity Zetian West[1] provide the following documents: list of all employees, including job title, classification, and description of work performed; payroll journal or register; individual employee compensation and payroll earnings records; W-2 and W-3 forms for each employee; time cards or time sheets for each employee; unemployment insurance reports filed with the state(s); workers compensation insurance reports filed with the state(s); chart of accounts; general ledger, including account transaction detail, cash disbursements and receipts transactions; union trust fund remittance reports (for all trades); corporate, individual or partnership tax forms and returns, including federal tax forms 1099 and 1096; a list of jobs with identification of general contractors and subcontractors, including the scope of work performed; a copy of contracts and subcontracts for each job or project; job costing reports or other record of employees and hours of work performed by job; certified payroll reports; and a list of related companies, including an explanation of the relationship between the companies, if any.

32.     In response to this request, Z-Glass and Zetian provided a Consolidated Statement of Income and Deductions for calendar years 2013, 2014 and 2015, a Z-Glass Payroll Details report for calendar year 2017, and listing of Nevada Secretary of State "Entity Actions" for Z-Glass. This production was deficient in several respects, including but not limited to that there were no records produced for calendar years 2012 or 2016 for any entity and there were no records produced for Zetian West.

---

[1] Documents were not requested as to Western due to that entity being in bankruptcy. However, Plaintiffs were able to obtain certain Western documents through the bankruptcy case.

CHRISTENSEN JAMES & MARTIN, CHTD.
7440 WEST SAHARA AVE., LAS VEGAS, NEVADA 89117
PH: (702) 255-1718 § FAX: (702) 255-0871

33. At all times material herein, Weina Zhang has been an officer and director of each of the Defendants. At all times material herein, one or more of Gregory Olin, Matthew Olin, and Anna Olin have been officers and directors of each of the Defendants. Upon information and belief, Gregory Olin, Matthew Olin, and Anna Olin have a familial relationship. At all times material herein, each of the Defendants has been operating under common management and control by Weina Zhang, Gregory Olin, Matthew Olin, and Anna Olin.

34. At all times material herein, the Defendants have had the same ownership and management structure, same addresses, same telephone numbers, same legal representation, same resident or registered agents, and same qualified individuals or responsible managing officers on their contractor's licenses.

35. At all times material herein, the Defendants engaged in substantially similar business performing work in the glass and glazing industry in Nevada and California.

36. In approximately March 2013, Z-Glass signed a Confession of Judgment in favor of the Plaintiffs for unpaid contributions and related damages for covered labor performed between January 1, 2010 through December 31, 2011, which had been discovered through a payroll compliance audit of Z-Glass' payroll records. The payments required by the Confession of Judgment were made to the Plaintiffs by Zetian. The final payment was remitted by Zetian in September 2014. Zetian made other contribution payments to the Plaintiffs on behalf of Z-Glass at various times.

37. Concurrent with or shortly after remittance of the final payment under the Judgment, Z-Glass allowed its corporate charter and Nevada State business license to go

into default. Eventually its corporate charter was revoked, its Nevada contractor's license expired, and business operations were transferred to the other Defendants.

38. The Defendants allowed Z-Glass to fail and Zetian, Zetian West, and/or Western were formed and assumed Z-Glass' business matters after Z-Glass ceased to operate to avoid Z-Glass's obligations under the Labor Agreement and Trust Agreements, including the obligations owed to the Plaintiffs.

39. The Defendants have transferred projects, contracts, and covered labor between and amongst each other, have engaged in a series of business transactions intended to transfer business and assets between and amongst each other, and have commingled assets in an effort to avoid Z-Glass's obligations under the Labor Agreement and Trust Agreements and to avoid creditors.

40. The Defendants are alter-egos of each other, such that they are a single entity, employer and business in fact.

41. Since January 1, 2012, employees of one or more of the Defendants have performed labor covered by the Labor Agreement.

42. None of the Defendants have submitted any reports to the Plaintiffs for any work performed since January 1, 2012, as required by the Labor Agreement and Trust Agreements.

43. None of the Defendants have submitted any payment to the Plaintiffs for contributions for any work performed since January 1, 2012, as required by the Labor Agreement and Trust Agreements.

44. Plaintiffs have been unable to complete a payroll compliance audit with the limited records produced by the Defendants.

**FIRST CAUSE OF ACTION**
[Breach of Contract]
[Against All Defendants]

45. The Plaintiffs herein restate and reallege the above allegations.

46. Defendants breached the Labor Agreement and Trust Agreements by failing to timely and properly submit reports and/or contributions to the Plaintiffs.

47. Defendants breached the Labor Agreement by failing to allow the Plaintiffs to perform a payroll compliance audit.

48. Defendants are contractually delinquent by failing to remit reports, pay contributions and/or other contract damages when due and allow a payroll compliance audit.

49. At all times material herein, the Defendants were and are the alter egos and or guarantors of each other and are jointly and severally liable to the Plaintiffs for any and all obligations owed under the Labor Agreement, including the obligation to provide payroll documents to the Plaintiffs for a compliance audit and the obligation to pay contributions to the Plaintiffs for any labor covered by the Labor Agreement performed by their employees.

50. At all times material here, Z-Glass, Zetian, Zetian West, and Western, individually and jointly, were the owner, co-owner, agent, partner, representative, employee and/or alter-ego of each other, and in doing the things herein alleged, were acting within the course and scope of said agency, partnership or relation, with the permission and consent of all the Defendants, and that each was working as a single entity, employer and business in fact.

51. The Plaintiffs are entitled to recover as damages from the Defendants any

and all benefit contributions, interest and liquidated damages owed to the Plaintiffs pursuant to the Labor Agreement and Trust Agreements.

52. Defendants' actions have required the Plaintiffs to retain legal counsel to enforce their rights under the Labor Agreement and Trust Agreements. The Plaintiffs are entitled to recover attorney's fees and costs from Defendants.

**SECOND CAUSE OF ACTION**
[Violation of ERISA]
[Against All Defendants]

53. The Plaintiffs herein restate and reallege the above allegations.

54. By failing to accurately report and pay contributions to the Plaintiffs and submit to an audit for the period of January 1, 2012 forward in accordance with the Labor Agreement and Trust Agreements, Defendants have violated Section 515 of ERISA [29 U.S.C. § 1145]. In accordance with the terms of the Labor Agreement and Trust Agreements, and pursuant to Sections 502(g)(2) and 515 of ERISA [29 U.S.C. §§1132(g)(2) and 1145], the Plaintiffs are entitled to payment of all contributions determined to be due, as well as liquidated damages, interest, attorneys' fees, costs incurred in enforcing the terms of the Trust Agreements, and such other legal and equitable relief as the Court deems appropriate.

55. The contract breaches and violations of ERISA identified above harm the Plaintiffs and place at risk the Plaintiffs' ability to provide required employee benefits to their beneficiaries.

56. The Plaintiffs' remedies at law are not sufficient to adequately compensate the Plaintiffs or their beneficiaries from past harm caused by said violations, or to protect them from the harm or threat of harm caused by similar future violations.

57. The Plaintiffs are likely to prevail on the merits of their claims.

58. The Plaintiffs are entitled to injunctive relief affirmatively compelling Defendants to make their records available to the Plaintiffs for inspection and audit to verify Defendants' compliance with their obligations under the Labor Agreement and Trust Agreements.

59. The Plaintiffs are entitled to injunctive relief affirmatively compelling the Defendants to submit all monthly remittance reports and pay all contribution amounts and related damages to the Plaintiffs in compliance with their obligations under the Labor Agreement and Trust Agreement.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs pray for Judgment against Defendants, and each of them, as follows:

1. For the Court's Order compelling Defendants to deliver or make available to the Plaintiffs all information and documents necessary to permit the Plaintiffs' auditors to perform payroll compliance audits deemed necessary and proper by the Plaintiffs;

2. For the Court's Order enjoining Defendants from failing to fully cooperate with any audits deemed necessary and proper by the Plaintiffs, and from failing to timely pay to the Plaintiffs delinquent amounts discovered by the audit or as otherwise incurred in the normal course of business;

3. For the Court's Order compelling Defendants to deliver to the Plaintiffs monthly remittance reports detailing all covered work performed between January 1, 2012 and the date of the filing of this Complaint;

4. For the Court's Order affirmatively compelling Defendants to abide by the terms of the Labor Agreement, including but not limited to submitting and paying

accurate monthly contribution remittance reports and contribution amounts to the Plaintiffs on a timely basis;

5. For the Court's Order enjoining Defendants from failing to timely pay the Plaintiffs future contribution amounts, as they become due;

6. For unpaid fringe benefits contributions in amounts to be proven at trial;

7. For damages for breach of contract and violation of ERISA in an amount to be proven at trial;

8. For liquidated damages in amounts to be proven at trial;

9. For accrued interest on all unpaid contributions and damages from their due dates until paid;

10. For Plaintiffs' audit costs in an amount to be proven at trial;

11. For Plaintiffs' reasonable attorneys' fees for having to bring this action to compel reporting compliance and contribution recovery with associated damages;

12. For Plaintiffs' costs of suit incurred herein;

13. For such additional relief as may be provided for by 29 U.S.C. § 1132; and

14. For such additional relief as this Court may deem just and proper.

DATED this 4th day of October, 2017.

By: */s/ Wesley J. Smith*
Wesley J. Smith, Esq.
Nevada Bar No. 11871
7440 W. Sahara Avenue
Las Vegas, Nevada 89117
Telephone: (702) 255-1718
Email: wes@cjmlv.com
*Attorneys for Board of Trustees of the Glazing Health and Welfare Fund, et al.*

# **CERTIFICATE OF SERVICE**

I am an employee of Christensen James & Martin. On the date of filing of the foregoing papers with the Clerk of Court I caused a true and correct copy to be served in the following manner:

☒ ELECTRONIC SERVICE: Pursuant to Local Rule LR IC 4-1 of the United States District Court for the District of Nevada, the above-referenced document was electronically filed and served on all appearing parties through the Notice of Electronic Filing automatically generated by the Court.

☐ UNITED STATES MAIL: By depositing a true and correct copy of the above-referenced document into the United States Mail with prepaid first-class postage, addressed to the parties at their last-known mailing address(es):

☐ OVERNIGHT COURIER: By depositing a true and correct copy of the above-referenced document for overnight delivery via a nationally-recognized courier, addressed to the parties listed belo which was incorporated by reference and made final in the w at their last-known mailing address.

☒ EMAIL: By sending the above-referenced document via email to those persons listed below.

dmincin@mincinlaw.com
*Attorneys for Z-Glass, Inc.,*
*Zetian Systems, Inc., and*
*Zetian Systems West, Inc.*

             CHRISTENSEN JAMES & MARTIN, CHTD.

             By:  */s/ Natalie Saville*

-16-