# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

BOARD OF TRUSTEES OF THE GLAZING HEALTH AND WELFARE FUND, et al.,

Plaintiff(s),

v.

Z-GLASS, INC., et al,

Defendant(s).

Case No. 2:17-cv-01638-JAD-NJK

ORDER

(Docket No. 36)

Pending before the Court is Plaintiffs' motion for leave to amend the complaint. Docket No. 36. Defendants filed a response in opposition. Docket No. 37. Plaintiffs filed a reply. Docket No. 38. The motion is properly resolved without a hearing. Local Rule 78-1. For the reasons discussed below, the motion is **GRANTED**.[1]

Courts examine whether amendment is proper under the standards outlined in Rule 15(a) of the Federal Rules of Civil Procedure, which provides that "[t]he court should freely give leave [to amend] when justice so requires." There is a strong public policy in favor of permitting amendment. *Bowles v. Reade*, 198 F.3d 752, 757 (9th Cir. 1999). As such, the Ninth Circuit has made clear that Rule 15(a) is to be applied with "extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (*per curiam*). Under Rule 15(a), courts consider various factors, including: (1) bad faith;

---

[1] It is within a magistrate judge's authority to grant a motion for leave to amend. *See, e.g.*, *Vandehey v. Real Soc. Dynamics, Inc.*, 2017 WL 4411042, at *1 n.4 (D. Nev. Oct. 4, 2017) (citing *U.S. Dominator, Inc. v. Factory Ship Robert E. Resoff*, 768 F.2d 1099, 1102 n.1 (9th Cir. 1985) and *Morgal v. Maricopa County Bd. of Supervisors*, 284 F.R.D. 452, 458 (D. Ariz. 2012)).

(2) undue delay; (3) prejudice to the opposing party; (4) futility of the amendment; and (5) whether the plaintiff has previously amended the complaint. *See id.* at 1052. These factors do not carry equal weight, however, and prejudice is the touchstone of the analysis. *See id.* "Absent prejudice, or a strong showing of any of the remaining . . . factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Id.* (emphasis in original). Because of the liberal policy in favor of amendment, the party opposing the amendment bears the burden of showing why leave to amend should be denied. *See, e.g.*, *Desert Protective Council v. U.S. Dept. of the Interior*, 927 F. Supp. 2d 949, 962 (S.D. Cal. 2013) (citing *Genentech, Inc. v. Abbott Labs.*, 127 F.R.D. 529, 530-31 (N.D. Cal. 1989)).

In this case, Defendants have not met their burden of showing amendment should be denied. Defendants' responsive brief consists of conclusory attacks lacking meaningfully developed argument. For example, Defendants contend that "some of the claims stated are subject to obvious statute of limitations defenses which will make amendment futile." Docket No. 37 at 3. No other detail is provided, leaving unstated basic facts like which claims are purportedly untimely and what statute of limitations applies. Such *ipse dixit* fails to satisfy the burden to oppose amendment. Similarly, Defendants argue that they will be prejudiced because adding new claims and parties will enlarge the scope of discovery. *Id.* at 3. Such is the situation with any amendment to add claims and parties, and Defendants have provided no reason why that should be considered disqualifying prejudice in this case.

Having failed to satisfy its burden of showing leave to amend should be denied, Plaintiffs' motion to file the second amended complaint is **GRANTED**.[2] Plaintiffs shall promptly file and serve the amended complaint. *See* Local Rule 15-1.

IT IS SO ORDERED.

DATED: February 14, 2018

_____
NANCY J. KOPPE
United States Magistrate Judge

---

[2] The Court does not herein definitively rule on the sufficiency of the allegations to state a claim, and Defendants are not precluded from filing a motion to dismiss. *See, e.g.*, *In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, 356 F. Supp. 2d 1129, 1135-36 (N.D. Cal. 2008); *Netbula, LLC v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003).